IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RUSSELL M. GRIMES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ROBERT MAY, Warden, ATTORNEY ) <br> GENERAL OF THE STATE OF ) <br> DELAWARE, CAPTAIN JOSEPH ) <br> ADKINS, et al., ) <br> ) <br> Respondents. ) | C.A. No. 21-69 (MN) |

**MEMORANDUM ORDER**

At Wilmington, this 10th day of January 2023;

**I.    BACKGROUND**

> In 2013, a Superior Court jury found [Petitioner] guilty of first-degree robbery and related offenses. [Petitioner] appealed, and [the Delaware Supreme Court] vacated his convictions and remanded for a new trial because an error occurred during jury selection. Following a retrial in 2016, a different Superior Court jury convicted [Petitioner] of first-degree robbery, possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited, second-degree conspiracy, and five counts of second-degree reckless endangering. The Superior Court sentenced [Petitioner] to an aggregate of fifty-three years of Level V incarceration, followed by probation.

*Grimes v. State*, 258 A.3d 147 (Del. 2021). The Delaware Supreme Court affirmed Petitioner's convictions and sentence on direct appeal. *See id*. Thereafter, Petitioner filed in this Court a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (D.I. 1).

Presently pending before the Court are Petitioner's two Motion for Release on Recognizance or Surety (D.I. 16; D.I. 17) asking that he be released on his own "recognizance,"

"surety," or "house arrest" during the pendency of the instant § 2254 proceeding. For the reasons set forth below, the Court will deny Petitioner's Motions.

## II.     GOVERNING LEGAL PRINCIPLES

Federal courts in the Third Circuit have the authority to release a state prisoner on bail pending resolution of his habeas petition when the "petitioner has raised substantial constitutional claims upon which he has a high probability of success" and "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Notably, however, "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving [the prisoner's] poor health or the impending completion of the prisoner's sentence." *Id*.

## III.    DISCUSSION

In his two motions, Petitioner asks to be released on his own "recognizance," "surety," or "house arrest" during the pendency of the instant habeas proceeding because: (1) "house arrest is a meaningful alternative to wait[ing in prison] until the District Court sorts out this unlawful imprisonment"; (2) house arrest would "provide relief from the unlawful deprivation of life and liberty [while] at the same time still ensure custodial scrutiny"; (3) Petitioner did not abscond during the other five times under house arrest; (4) house arrest can be combined with other "lawful bail stipulations" – including GPS monitoring – to allay fears; and (5) Petitioner does not present a danger to the community or to himself.  ( D.I. 16 at 5-6; D.I. 17 at 6-7). Petitioner's arguments do not satisfy the stringent standard for assessing bail requests in habeas proceedings. Even if the Court were to assume, without deciding, that Petitioner has a high probability of success on the constitutional claims in his petition, Petitioner has not demonstrated exceptional circumstances.

Petitioner's motions essentially re-assert the merits of the arguments in his petition, and they do not allege that he is in poor health or about to be released. Accordingly, the Court will deny the instant motions.

IV.     **CONCLUSION**

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that Petitioner Russell M. Grimes' motions to be Released on His Own Recognizance, Surety, or House Arrest (D.I. 16; D.I. 17) are **DENIED**.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge